IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN CARROLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.2:17-cv-565-MHT-SRW |
| ) | |
| MATT HORNE, in his official ) | |
| and individual capacities, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  Introduction

Plaintiff John Carroll brings this action filed pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief and money damages.  Plaintiff sues Defendant Matt Horne, a district court judge in Barbour County, Alabama, in both his official and individual capacities, alleging that Horne violated Carroll's rights to free speech and equal protection under the law by filing a state court action against him for defamation.  Specifically, in the state court action, which was removed to this Court and subsequently remanded, Horne alleged that Carroll published false statements against him, including statements that he was involved in the "blackmail" of witnesses to get them to "lie in Court," and that Carroll also interfered with police investigations.  See Doc. 1-1, *Horne v. Carroll*, 2:17-cv-564-MHT-TFM (M.D. Ala. 2017) (remanded to state court January 31, 2018).[1] In the instant case, Carroll claims that Defendant Horne brought the defamation action against him

---

[1] The Court takes judicial notice of this pending state court action, *Matt Horne v. Jon B. Carroll, et. al*, CV-17-013, filed in the Circuit Court of Barbour County, Alabama (Clayton Division).  *See Universal Express, Inc., v. S.E.C.,* 177 F. App'x. 52, 53 (11th Cir. 2006) (Court may take judicial notice of a complaint filed in another district without converting the motion to dismiss to a motion for summary judgment).

1

as a journalist for the purpose of "silenc[ing] this view point" and "intimidat[ing] victims into not coming forward in violation of the Free Speech Clause of the First Amendment." (*See* Complaint, Doc. 1 at ¶ 12). Plaintiff further claims that this speech restriction violates his equal protection rights guaranteed by the Fourteenth Amendment by "preventing Plaintiff from expressing a victim's account of their experiences and viewpoint, thereby denying the use of a forum and press to those whose views Defendant find [sic] unacceptable and not flattering." (*See* Complaint, Doc. 1 at ¶ 13). Carroll seeks nominal damages and asks this Court to "issue an order enjoining Defendants from prosecuting the Plaintiff herein or further harassment that is designed to impede constitutionally protected free speech." (*See* Complaint, Doc. 1 at ¶¶ 23, 30).

The defendant filed a *Motion to Dismiss, and/or in the Alternative Motion for More Definite Statement* (Doc. 8) in which he argues that this complaint is due to be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because the Court has no subject matter jurisdiction and the plaintiff's complaint fails to state a claim for relief.[2] The plaintiff filed a *Response to the Motion to Dismiss* (Doc. 12), and the defendant filed a *Reply to Plaintiff's Response*. (Doc. 14). This action was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. 4). For the reasons stated herein, it is the recommendation of the Magistrate Judge that the defendant's motion to dismiss (Doc. 8) be granted.

## II.   **Standard of Review**

---

[2] "A pro se plaintiff '*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice' at least where a more carefully drafted complaint might state a claim." *See Carter v. HSBC Mortg. Serv.*, 622 F. App'x 783, 786 (11th Cir. 2015) (Emphasis in original) (Citation omitted). Where it is futile for a plaintiff to file an amended complaint because "a more carefully drafted complaint could not state a claim," there is no need to allow plaintiff to amend. *Id.* For the reasons set forth in this Recommendation, the Court concludes it would be futile in this instance for Plaintiff to be given an opportunity to amend.

2

### A. Fed. R. Civ. P 12(b)(6) –Failure to State a Claim

In order to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6), the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). The standard for a motion to dismiss under Rule 12(b)(6) was explained in *Twombly* and refined in *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct.1937, 1949 (2009), as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Iqbal,* 556 U.S. at 678-679 (citations and internal edits omitted).

The *Twombly-Iqbal* two-step analysis begins "by identifying the allegations in the complaint that are not entitled to the assumption of truth" because they are conclusory. *Id.,* at 195; *Mamani v. Berzain,* 654 F. 3d 1148, 1153 (11th Cir. 2011) ("Following the Supreme Court's approach in *Iqbal,* we begin by identifying conclusory allegations in the Complaint."). After conclusory statements are set aside, the *Twombly-Iqbal* analysis requires the Court to assume the veracity of well-pleaded factual allegations, and then to determine whether they "possess enough heft to set forth 'a plausible entitlement to relief.'" *Mack v. City of High Springs,* 486 F. App'x 3, 6 (11th Cir. 2012) (quotation omitted.) "To survive a motion to dismiss, a complaint need not contain 'detailed factual allegations' but instead the complaint must contain 'only enough facts to

3

state a claim to relief that is plausible on its face.'" *Maddox v. Auburn Univ. Fed. Credit Union,* 441 B.R. 149,151 (M.D. Ala. 2010) (Citation omitted). Establishing facial plausibility, however, requires more than stating facts that establish mere possibility. *Mamani,* 654 F. 3d at 1156 ("The possibility that – *if* even a possibility has been alleged effectively – these defendants acted unlawfully is not enough for a plausible claim."). (Emphasis in original). Plaintiff is required to "allege more by way of factual content to nudge [her] claim … across the line from conceivable to plausible." *Iqbal,* 129 S. Ct. at 1952 (internal editing and citation omitted.)

### B. Fed. R. Civ. P. 12(b)(1) -- Subject Matter Jurisdiction

A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Gilmore v. Day*, 125 F.Supp.2d 468, 470 (M.D. Ala. 2000). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Gilmore*, 125 F.Supp.2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L.Ed. 951 (1942)). A motion to dismiss for lack of subject matter jurisdiction can be either facial or factual. *Makro v. Capital of America, Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*, 501 F.3d at 1251).

A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n. 5; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *see also*

4

*Houston v. Marod Supermarkets*, 733 F.3d 1323, 1335 (11th Cir. 2013) (The Court evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing a Rule 12(b)(6) review.). The Court is "not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id*. at 1206. In discussing exhibits on a facial attack, the Court may consider exhibits attached to the complaint as well as those attached to a motion to dismiss. *Lawrence v. United States*, 597 F. App'x. 599, 602 (11th Cir. 2015). Exhibits attached to the complaint are considered part of the complaint for all purposes. *Id*. Further, exhibits attached to a motion to dismiss may be considered for a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed. *Id*.

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. On a Rule 12(b)(1) factual attack, the court "may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. *Lawrence*, 919 F.2d at 1529. Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits." *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n. 5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Florida v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997). The trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro*, 543 F.3d at 1528 (internal quotations omitted); *see also Willett v. United States*, 24 F.Supp.3d 1167, 1173 (M.D. Ala. 2014) (stating same). In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual

5

attack on subject matter jurisdiction." *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

However, the Court is not at liberty to weigh the evidence when the factual attack "also implicates an element of the cause of action." *Lawrence*, 919 F.2d at 1529. The Eleventh Circuit has specifically cautioned that district courts "should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.*" *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (internal quotations omitted and emphasis in original).

### III.  Discussion

Plaintiff brings the instant action against a single defendant, Judge Matt Horne, alleging that he has been deprived of his First Amendment and Equal Protection rights because Judge Horne has sued Plaintiff for defamation in state court. In the state court action, Horne alleges that Carroll published false statements against him, including statements that he was involved in the "blackmail" of witnesses to get them to "lie in Court," and that he interfered with police investigations. See Doc. 1-1, *Horne v. Carroll*, 2:17-cv-564-MHT-TFM (M.D. Ala. 2017) (Remanded to state court January 31, 2018). Defendant argues that this case is due to be dismissed because, as a judge, he is immune from suit, and because Carroll has no standing to bring this action because he has not suffered an injury in fact.

#### A.  Judicial Immunity and State Action

The law is clear that judicial defendants are absolutely immune from suits for money damages arising from acts performed in their judicial capacity. *Mireles v. Waco,* 502 U.S. 9 (1991) (Citations omitted). Plaintiff seeks money damages from Judge Horne and also requests declaratory and injunctive relief. As the Supreme Court stated in *Mireles,* "[l]ike other forms of

6

official immunity, judicial immunity is an immunity from suit, not just from the ultimate assessment of damages." However, the *Mireles* court identified two sets of circumstances in which such immunity is abrogated.

> "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction."

*Id.* at 11-12. (Citations omitted). Plaintiff alleges in his Complaint that Defendant Horne "was acting under color of state law and as a judicial officer." (Doc. 1 at ¶ 4). Thus, to the extent that Plaintiff brings claims against Judge Horne in his official capacity for judicial actions, those claims are due to be dismissed on the basis of judicial immunity. *Mireles,* 502 U.S. 9.

However, in the instant action brought pursuant to 42 U.S.C. § 1983, Plaintiff Carroll complains of Defendant Horne's filing of a complaint for defamation in state court against him. As a party-plaintiff, Horne proceeds in state court as a litigant with personal interests at stake rather than as a judicial officer of the court. This is so even though the conduct underlying the defamation suit includes actions taken by Horne as a judge. Thus, because Defendant Horne proceeds in state court as a private citizen alleging damages from the allegedly defamatory statements made by Carroll, judicial immunity does not apply in this instance.[3]

The specific facts of this case, however, raise the question of whether Plaintiff's §1983 action can survive a motion to dismiss when Defendant Horne acted as a private citizen in filing the underlying state court defamation action. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 930-31 (1982) (Actions brought pursuant to 42 U.S.C. § 1983 require Plaintiff to show first "that he has been deprived 'of a right secured by the Constitution and the laws' of the United States" and

---

[3] The Court recognizes that Plaintiff alleges in his Complaint that Defendant Horne "was acting under color of state law and as a judicial officer." (Doc. 1 at ¶ 4). To the extent that Plaintiff brings any claims against Judge Horne in his official capacity for judicial actions, those claims are due to be dismissed on the basis of judicial immunity. *Mireles,* 502 U.S. 9.

7

second that the "defendant acted 'under color of any statute … of any State.'") (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970)).  In this case, Plaintiff fails to demonstrate how being sued for defamation in state court has deprived him of any right secured by the Constitution or the laws of the United States.  Rather, Plaintiff claims that the defamation lawsuit brought against him is somehow preventing others from making statements about Defendant Horne's alleged conduct.  In addition, Plaintiff fails to demonstrate that Defendant Horne acted under color of state law when he, acting as a private citizen, filed the defamation action. *See Lugar*, 457 U.S. at 930 ("[T]he Due Process Clause protects individuals only from governmental and not from private actions.").  Thus, the Court concludes that this action brought pursuant to 42 U.S.C. § 1983 is due to be dismissed because Plaintiff cannot demonstrate the required state action.  *Iqbal,* 129 S. Ct. at 1952.

      **B.**     **Standing**

Defendant also argues that the complaint should be dismissed because Plaintiff does not have standing to bring this action since he has not suffered an "injury in fact" which is "fairly … trace[able] to the challenged action of the defendant," and also has not demonstrated that it is "likely '… the injury will be 'redressed by a favorable decision.'" *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).  Plaintiff alleges that Defendant Horne brought the state court defamation action against him as a journalist for the purpose of "silenc[ing] this view point and "intimidat[ing] victims into not coming forward in violation of the Free Speech Clause of the First Amendment."  (*See* Complaint, Doc. 1 at ¶ 12).  Plaintiff further claims that this speech restriction violates his equal protection rights guaranteed by the Fourteenth Amendment by "preventing Plaintiff from expressing a victim's account of their experiences and viewpoint, thereby denying the use of a forum and press to those whose views Defendant find [sic] unacceptable and not flattering."  (*See* Complaint, Doc. 1 at ¶ 13).  Plaintiff alleges violations of other hypothetical

individuals' Constitutional rights; the Court concludes that these allegations are insufficient to demonstrate that Plaintiff himself has suffered an "injury in fact" which is "fairly traceable" to Defendant Horne's action of filing a defamation action against him in state court. *Id.* at 560. Moreover, Plaintiff's allegations fail to demonstrate a likelihood that this speculative injury can be redressed by a ruling from this Court. Accordingly, the Court concludes that Plaintiff's complaint is due be dismissed for lack of subject matter jurisdiction and for Plaintiff's failure to state a claim.

### C. Younger abstention

In addition to monetary damages, Plaintiff seeks injunctive and declaratory relief. Specifically, Plaintiff asks this Court to intervene in an ongoing state action by "issu[ing] an order enjoining Defendant from prosecuting the Plaintiff herein or for further harassment that is designed to impede constitutionally protected free speech." (*See* Complaint, Doc. 1 at ¶ 23). Thus, Plaintiff requests injunctive relief and declaratory relief, pursuant to 42 U.S.C. § 1983, in the form of an injunction preventing Judge Horne from prosecuting the state action against Plaintiff for defamation.

Because the Court has already concluded that this action is due to be dismissed based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Court will address the application of the *Younger* abstention doctrine merely as an alternative basis for dismissal. The *Younger* abstention doctrine prohibits this Court's ordering the injunctive and declaratory relief that Plaintiff seeks. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). For *Younger* abstention to apply, there must be (1) "an ongoing state judicial

proceeding"; (2) which "proceeding[] implicate[s] important state interests"; and (3) "an adequate opportunity in the state proceedings to raise constitutional challenges." *Id*.

Defendant Horne's defamation action in the Circuit Court of Barbour County, Alabama is an ongoing state judicial action. *See Matt Horne v. Jon B. Carroll, et. al*, CV-17-013, filed in the Circuit Court of Barbour County, Alabama (Clayton Division). The right of access to the state judiciary is an important state interest and, due to the plenary powers of state courts, a Plaintiff may raise challenges in state court based on the United States Constitution. *Lambert v. Mail Handlers Benefit Plan*, 886 F. Supp. 803, 835 (M.D. Ala. 1995) (*citing Gulf Offshore Co., v. Mobil Oil Corp,* 453 U.S. 473, 477(1981)("State courts, unlike federal courts, have plenary jurisdiction and are competent to hear all cases including those involving federal law.")). Accordingly, the Court concludes that the *Younger* abstention doctrine applies to the instant action.

*Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local criminal proceedings[4] based upon principles of comity and federalism which counsel that a federal court should not interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43-45. Exceptions to this doctrine include situations where Congress has "expressly authorized" federal court intervention in state court actions, where such intervention is "necessary to aid in [the federal court's] jurisdiction" or to "protect or effectuate its judgments," or "where a person about to be prosecuted in state court can show that he will, if the proceeding in the state court is not enjoined, suffer irreparable damages." *Id.* at 43. Plaintiff has not shown that any of these exceptions apply.

---

[4] The *Younger* abstention principles also have been held to apply in state civil proceedings. *Huffman v. Pursue,* 420 U.S. 592 (1975).

Plaintiff claims that Defendant Horne brought the state court defamation action against him as a journalist for the purpose of "silenc[ing] this viewpoint and intimidat[ing] victims into not coming forward in violation of the Free Speech Clause of the First Amendment." (Doc. 1 at ¶ 12). This allegation alone is insufficient to demonstrate that Plaintiff will himself suffer irreparable damages if Defendant Horne's state court action for defamation is not enjoined. Accordingly, the Court concludes Plaintiff's request for injunctive and declaratory relief is due to be denied on the basis of *Younger v. Harris*.

## IV.   Conclusion

For the above reasons, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Dismiss (Doc. 8) be GRANTED.  It is further

ORDERED that the Plaintiff may file any objections to this Recommendation on or before **May 10, 2018.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done, on this the 26th day of April, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge